HOOPER R. MOBRAY and ALICE H. MOBRAY his Wife, and ALFRED J. MOBRAY vs. THOMAS LECKIE.

*Foreclosure of Mortgage for non-payment of Interest as stipulated in the Mortgage—Insufficient reasons for failure to pay the Interest when due—Right of Husband under Art. 93, sec. 32, of the Code, to the Choses in Action of his deceased wife, without administration—Compound interest disallowed.*

A deed of mortgage dated 3rd of June, 1871, intended to secure the payment of a sum named, in four equal annual instalments, counting from the 1st of May, 1873, with interest thereon annually from the date of the mortgage, contained the following stipulation : "And in default of payment of any of said instalments, or the annually accruing interest, the whole sum to become due and payable, and payment to be enforced as hereinafter provided." HELD :

That this was a legal and valid stipulation, and was not in the nature of a penalty or forfeiture.

The mortgagee who was a *féme covert*, died on the 25th of May, 1872, her husband surviving her. The first instalment of interest fell due on the 3rd of June, 1872, and not being paid, proceedings for a foreclosure were instituted on the 1st of November, 1872, by the surviving husband of the mortgagee, against the mortgagors and the grantee of their equity of redemption. The latter after the institution of the suit paid into Court the amount of interest then due. HELD :

1st. That motives or feelings of delicacy afforded no legal excuse for the non-payment of the money to the husband, it appearing that the mortgagee died eight days before the interest fell due, and that the defendant made no offer or attempt to pay the money, and in fact paid no attention to the matter until some weeks had elapsed, when payment of the money was demanded of him.

2nd. That it was the duty of the defendant to make inquiry within a reasonable time after the death of the mortgagee whether she had died intestate, and when informed of that fact to have offered to pay the interest.

Mobray *vs.* Leckie.

3rd. That under Art. 93, sec. 32, of the Code the husband had the right, upon the death of his wife intestate, to collect the mortgage debt without administration.

4th. That the fact that there were ante-nuptial debts due by the wife did not in any manner impair or affect his right to collect the mortgage debt.

5th. That the payment of the interest into Court after the suit was instituted, was too late, and afforded no ground of defence.

6th. That by the terms of the mortgage the whole debt had become due, and the complainant was entitled to a decree for the sale of the mortgaged property, unless the whole amount of the debt was, by a day named, brought into Court or paid to him.

The decree of the Court below was passed on the the 27th of January, 1874, and the defendant was allowed until the 27th day of February ensuing, to pay the money. On appeal, it was HELD:

That the time so allowed to the defendant was not too short.

The Court below ascertained the amount of principal and interest to the date of the decree, and decreed that interest should be paid on the sum so ascertained from the date of the decree. On appeal, it was HELD:

That in this respect the decree was erroneous, and should be reversed, as the defendant ought not to be compelled to pay compound interest, but interest only upon the original mortgage debt.

APPEAL from the Circuit Court for Dorchester County, in Equity.

The facts are sufficiently stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, GRASON, MILLER and ROBINSON, J.

*Sewell T. Milbourne* and *Charles E. Hayward*, for the appellants.

No counsel appeared for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The mortgage exhibited with the bill of complaint was executed by Hooper R. Mobray and wife, on the 3rd day of June 1871, and was intended to secure to the mortgagee Mary L. Mobray, the sum of $1415.73, with interest thereon from its date. The principal sum to be paid in four equal annual instalments, counting from May 1st 1873. The whole accruing interest to be paid annually. Consequently the interest for one year fell due on the 3rd day of June 1872. The mortgage contains the following stipulation : "*And in default of payment of any of said instalments, or the annually accruing interest, the whole sum to become due and payable, and payment to be enforced as hereinafter* provided." After the mortgage was executed the mortgagor conveyed the equity of redemption to Alfred J. Mobray one of the appellants.

The mortgagee married the appellee and died on the 25th day of May 1872. There being a default, and failure to pay the interest due June 3rd 1872, the bill was filed on the 1st day of November 1872, by the appellee, as surviving husband of the mortgagee, to collect the mortgage debt, alleging the whole to be due and demandable.

There can be no doubt or question about the construction of the mortgage, its terms are plain and unambiguous, and expressly provide that in default of payment of the annually accruing interest, the whole debt shall be due and payable. This is a legal and valid stipulation ; the defence relied on by the appellant that it is in the nature of a penalty or forfeiture which a Court of Equity will not enforce, is fully answered by the case of *Schooley & Price vs. Romain*, 31 *Md.*, 574, where a similar condition in a mortgage was enforced, and was decided not to be in the nature of a penalty or forfeiture. In this respect there is no substantial difference between this case, and the case of *Schooley & Price vs. Romain,* which disposes of this question.

The appellant Alfred J. Mobray alleges as excuses for his failure to pay the interest when due,

1st. That he was restrained by feelings of delicacy from intruding upon the appellee with affairs of business, so soon after the death of his wife, who was also the sister of the appellant.

2nd. That he did not know whether she had left a will or died intestate, and consequently did not know who was entitled to receive the money.

3rd. That there were ante-nuptial debts due by the deceased, and therefore the husband was not entitled to collect the mortgage debt, or the interest thereon, without first taking out letters of administration.

4th. He also alleges in his defence that he was ready to pay the interest when it might be demanded, and had offered to do so.

5th. That the amount of interest due has been paid into Court after the institution of this suit.

These several defences will be considered in their order.

1st. The motives or feelings of delicacy urged by the appellant, afford no legal excuse for his failure to comply with the contract. Mrs. Leckie died eight days before the interest became due, and the evidence shows that the appellant made no offer or attempt to pay the money, or any effort to ascertain whether she had died intestate, and in fact paid no attention to the matter until some weeks elapsed; when payment of the debt was demanded from him.

2nd. It was the duty of the defendant to make inquiry within a reasonable time after the death of Mrs. Leckie, whether she had died intestate, and when informed of that fact to have offered to pay the interest. There is no evidence that he made such offer when he was informed of her intestacy.

3rd. The Code provides, Art. 93 sec. 32, "If the intestate be a married woman, it shall not be necessary for her

husband to take out administration, but all her *choses in action* shall devolve on her husband, in the same manner as if he had taken out administration." Under this provision the right to collect the mortgage debt without taking out administration, devolved on the appellee, (Mrs. Leckie having died intestate.) The fact that there were ante-nuptial debts due by her, did not in any manner impair or affect his right to collect the mortgage debt, he was responsible to her creditors, and their recourse was against him.

4th. It does not appear from the evidence that the appellant was ready to pay the interest when it fell due, or that he offered to pay it. On the contrary it is proved that he wrote to the mortgagee a short time before her death, referring to the mortgage, and stating "that he would be due her some money, but he could not pay her then, and did not know when he could." There is no evidence of any offer by him to pay, until in the latter part of June or in July 1872 when the mortgage had been placed in the hands of an attorney for collection, and payment of the whole debt was demanded of him. He did not then offer to pay the interest, or question his liability for the whole debt; and offered to pay a part, provided, certain time which he asked, should be allowed to him for the payment of the balance. But the negotiations which followed, did not result in any agreement; and this proceeding was instituted.

5th. The payment of the interest into Court after the suit was instituted was too late, and affords no ground of defence. By the terms of the mortgage the whole debt had become due, and payable, and the Circuit Court committed no error in decreeing that unless the same be paid, or brought into Court to be paid to the appellee the property should be sold.

The decree was passed on the 27th day of January 1874, and the appellant was allowed till the 27th day of February

Mobray *vs.* Leckie.

ensuing, to pay the money. It is objected that this time was too short, and for this reason the decree ought to be reversed. But we do not think so, nearly three years had elapsed after the default, which, as we have seen, was without legal excuse.

The Circuit Court ascertained the amount of principal and interest to the date of the decree to be $1640.87, and decreed that interest should be paid on that sum from the date of the decree. In this respect we think the decree is erroneous, this appellant ought not to be compelled to pay compound interest; only the original mortgage debt ought to bear interest. In this particular therefore the decree below must be reversed and the cause will be remanded to the end that the decree may be modified and further proceedings had in conformity to the opinion of this Court. In all other respects the decree will be affirmed.

*Affirmed in part and*
*reversed in part, and*
*cause remanded.*

(Decided 4th June, 1875.)