# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 9, 1908.

HYLAND P. STEWART, TRUSTEE,

VS.

JAMES McCADDEN.

*Laurie H. Riggs* for plaintiff.
*Isaac Lobe Straus* for defendant.

GORTER, J.—

James McCadden on the 7th day of February, made a mortgage to Hyland P. Stewart, trustee, to secure the payment of $4,000, three years after date, with interest payable semi-annually thereon. The mortgage contained the usual provision, that in case of any default in the payment of the interest, in whole or in part, at the time or times limited for the payment of the same, or in case of any default in any covenant or condition of the mortgage, then the whole mortgage debt should be due and payable. On the 20th of April, 1907, Mr. Stewart, trustee, filed his petition in this Court alleging a default in the payment of taxes and interest due February 7, 1907, and obtained a decree for the sale of the property mortgaged. One piece had previously been released and $1,000 of the debt paid.

On May 10, 1907, the mortgagor filed a petition alleging that there had been no default in the mortgage and asked that the sale of the property by the mortgagee be restrained. On the same day the Court granted a preliminary injunction with leave to the mortgagee to move to rescind. The mortgagee having answered the petition of the mortgagor asking for an injunction, the matter was heard by His Honor Judge Elliott on the 26th of July, 1907. The Judge overruled the motion to rescind the injunction and continued the same with this modification "That the said injunction shall in nowise interfere with the foreclosure of the mortgage mentioned in these proceedings for any default occurring after this date."

Another instalment of interest fell due on August 7, 1907. It was not tendered or paid prior to or on the 7th of August.

The testimony of the mortgagor is to the effect that on the night of the 8th of August, he remembered that the instalment was overdue, it had slipped his mind. He was then in the country. Early next morning he came to town and went to the office of his attorney, Mr. Straus. That Mr. Diedeman, who is an attorney in Mr. Straus' office, went with the money due under the terms of the mortgage on August 7, as well as with the instalment due on February 7, with interest thereon, to the office of Mr. Stewart, the mortgagee. That Mr. Stewart could not be found. That he again went daily without finding Mr. Stewart until the 14th, when both instalments of interest were tendered by letter. To this letter the mortgagee replied on the same day returning the checks, saying it was too late to offer the interest as the property on August 10, 1907, had been advertised for sale.

The testimony of the mortgagee is, that the letter of August 14th, was the first communication he received in regard to the August instalment of interest. He also offered some negative testimony tending to show that Mr. Stewart had not been to his office on the 9th, and the days following.

On the 15th of August, Mr. Stewart appealed from Judge Elliott's order of July 26. On September 10, 1907, the mortgagee filed his petition and again obtained an injunction restraining the sale of the property which was about to be made upon the alleged default in the non-payment of the August interest.

On September 27, 1907, Mr. Stewart filed his answer to this last petition and moved to dissolve the injunction. The issue was thus made as to *whether there was under the circumstances of the case such default in the payment of the instalment of interest due August 7, 1907,* as would give the mortgagee the right to foreclose the mortgage. The appeal from Judge Elliott's order took its place as No. 74 on the Docket of the Court of Appeals at the October Term, 1907. It was duly argued, towards the end of that term, and the decision of the Court of Appeals was handed down on January 8, 1908. The court held that there had been a default in the payment of the February interest and in the payment of taxes, but as Mr. Stewart had proceeded to foreclose the mortgage for the default in the payment of the August interest, and thus acted under the order appealed from, he could not prosecute his appeal. That the court would not allow him to claim the benefit of the order appealed from, and at the same time attack the validity of that order. The appeal was, therefore, dismissed with costs.

On June 30, 1908, Judge Elliott passed an order for the mortgagor to pay all costs that had accrued to May 10, 1907, the date of the injunction, stopping the first sale.

The case was heard by this court about a month ago. The mortgagor at the hearing tendered and paid into court the mortgage debt, principal and interest. The mortgagee refused to accept it, because the costs accruing since May 10th, 1907, was not also tendered or paid, and because that accrued prior to May 10th, 1907, had not been paid. So that the bone of contention is, who shall pay the costs. I do not feel disposed to interfere with Judge Elliott's order of January 30th, 1908, directing the mortgagor to pay the costs accruing up to that time. There is no request in these proceedings that I should so do.

The costs that have been incurred since that time, and up to the second attempt to foreclose for the August default can amount to but very little. I think, however, as Judge Elliott continued the injunction, and the order so doing, was not reversed by the Court of Appeals, these costs should be upon the mortgagee. The costs that have accrued and that have been incurred since August 7, 1907, I think should depend upon the question as to whether or not Mr. Stewart had the right, under all the circumstances of this case, to take the steps he did towards the foreclosure of the property.

The mortgagee contends that when the 7th of August came and passed, and no tender had been made by the mortgagor to pay the instalment of interest falling due on that date, the whole mortgage debt became due and payable, and the fact that the mortgagor overlooked the seventh through inadvertance or for any other cause, although he was ready to pay the money the second day, and endeavored to pay it two days later, and actually tendered it within a week, cannot affect his right to claim the principal sum.

The mortgagor on the other hand denies this contention. He asserts:

(1) That if ready and desirous of paying the instalment his failure to do so was due to accident, mistake, fraud, or for any reason short of inability, negligence or design, there would be no default; and

(2) If the conduct of the mortgagee mislead him, or if it was such as would justify him in thinking the tender would have been perfectly useless, he would be excused from offering to pay the instalment.

The first ground of the mortgagor presents a very interesting question, and that is whether the failure (unaffected by the act of the mortgagee) to pay an instalment of interest, is a default in every case, and under all circumstances. I am entirely convinced that the rule cannot be stated so broadly. It is said in Jones on Mortgages, Volume II, 6th Ed., S. 1179: "When a mortgage provides that any default in the payment of interest the principal sum shall immediately, become due, time is made the essence of the contract, and a court of equity will not relieve the mortgagor from a default, unless he can show some good excuse, such as mistake, or accident or fraud."

In both the cases relied on by the mortgagee, Schooley vs. Romain, 31 Md. 574; and Mobray vs. Leckie, 42 Md. 474, excuses for non-payment of interest were made, but deemed by the court insufficient, but the court was very far from taking the position, there could be no excuse, that would prevent the non-payment being a default. In the first case, that of Schooley vs. Romain, on page 84, Judge Bartol says:

"It is averred by their answers that they were so ready; but the averment is entirely unsupported by proof; on the contrary the evidence shows that they were not ready with the money to pay the interest, *at any place*, when it become due; their default is without sufficient legal excuse, and the right of the appellee thereupon to demand the payment of principal according to the terms of the covenant, cannot be questioned."

It also appears from the second case, that of Mobray vs. Leckie, the mortgagor was not ready to pay the interest when it fell due.

Now, McCadden was ready, willing, able and anxious to pay the August instalment when it fell due. Ought then the mere fact that through forgetfulness or a want of knowledge that he had to pay it work a default? I am inclined to think not, but I do not put my decision upon this ground.

It is the second ground that the mortgagor relies on, that I think excuses him from the tender of the interest due August 7, on that date. I am perfectly convinced that to have tendered interest would have been an idle ceremony. That Mr. Stewart would have not accepted the money had it been tendered. And that no one in McCadden's position would, or could have expected Mr. Stewart to take the instalment of interest.

Mr. Stewart insisted that the whole mortgage debt was due. He took this position when he started his foreclosure proceedings, he maintained this position on July 26th, 1907, when Judge Elliott decreed to the contrary.

When on August 15, 1907, he filed his order of appeal his position remained unchanged and so continued until January 8, 1908, when the Court of Appeals dismissed his appeal. It is reasonable to believe that had Mr. McCadden tendered the August interest on August 7, or prior thereto, Mr. Stewart would have accepted it, and thereby have waived the default of February. It is perfectly clear to my mind that he would not have done so. If Mr. Stewart had been ready to waive the default of February, and to have accepted the August instalment, why did he appeal to the Court of Appeals from Judge Elliott's decision?

The interest due February 7, 1907, had been tendered Mr. Stewart and he refused to accept it. The check for said interest, dated April 7, 1907, to Mr. Stewart's order was filed in this cause May 10, 1907, when the first injunction was prayed for, and has remained there ever since.

Indeed, the evidence and proceedings show a constant tender of the February instalment from February 10, 1907, to the hearing, and yet Mr. Stewart would not accept it. How, then, could anyone suppose that he would accept the May instalment when he persistently refused the February instalment?

Under the circumstances of this case, I do not think the failure to tender the instalment of interest due on August 7, on or before that date constituted a default for which the mortgagee had the right to foreclose the mortgage.

The case of DeGroot vs. McCotter, 19 N. J. Eq. 531, to which I have been referred by the mortgagor's counsel, is authority for the position I have taken in this case.

I shall, therefore, pass an order that all costs incurred subsequent to May 10, 1907, be paid by the mortgagee.