**In re MISSIONARY BAPTIST FOUNDA-TION OF AMERICA, INC., (parent Corporation) and the following of its wholly-owned subsidiaries: Management Services Consultants Associates, Inc., Associated Memorial Homes of West Texas, Inc., Associated Memorial Homes of Central Texas, Inc., Associated Memorial Homes of Lubbock, Inc., Texas Homemaker Service, Inc., Associated Memorial Homes of the Greenbelt, Inc., and Missionary Baptist Foundation of America Housing, Inc., Debtors.**

Bankruptcy No. 580–00084.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Sept. 22, 1982.

Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, Lubbock, Tex., for Robert B. Wilson, Trustee.

Steven A. Harr, Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., for Cotton Belt Ins. Co. and American Druggists' Ins. Co.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

This memorandum treats the issue of allowability of an unsecured creditor's contractually based claim for attorneys fees.

Missionary Baptist Foundation of America ("MBFA"), debtor, at all times relevant to this opinion, had been engaged in the business of operating nursing homes in Texas, Arizona, and Wisconsin. In connection with its operations in the State of Arizona it was required to furnish surety bonds for the payment of utility services to be provided to the nursing homes. Cotton Belt Insurance Company and American Druggists' Insurance Company were each insurance companies engaged in the business of writing surety bonds. Each of those companies wrote a series of utility bonds, naming MBFA and its subsidiaries as principals. After the debtor filed petition for order for relief under Chapter 11 claims were made by utility companies in Arizona under the surety bonds. As a result of the debtor's failure to pay the utility services Cotton Belt Insurance Company was required to pay claims totaling $17,180.93 and American Druggists' Insurance Company was required to pay claims totaling $6,000.00.

Each of the insurance companies employed the firm of Winstead, McGuire, Sechrest & Minick, a law firm in Dallas, Texas, to represent its interests in investigating the utility claims, determining the validity of the bonded obligations and the liability of the principal and surety, and in efforts to recover losses from other sources. Each of the contracts which MBFA had made with the respective sureties for the utility bond provided for the indemnification of the surety for not only the amount of the utility claims which the surety might be required to pay on behalf of MBFA, but also for necessary attorneys fees and collection costs. Cotton Belt Insurance Company filed proof of claim in the sum of $41,465.00, representing estimated liability under the utility bonds of $31,465.00 and estimated attorneys fees and expenses of $10,000.00. It actually paid $17,180.93 to utility companies under the bond, but recovered $11,112.60 from third parties. Its amended claim seeks recovery of the difference of $6,068.33 and seeks allowance of $7,225.64 in attorneys fees and expenses. American Druggists' Insurance Company filed proof of claim in the sum of $24,000.00, represent-

ing estimated liability under the utility bonds of $14,000.00 and estimated attorneys fees and expenses of $10,000.00. The actual amounts paid to utility companies under the bond totalled $6,000.00. Although the company recovered judgment against a third party in that same sum of $6,000.00, no recovery under the judgment has been effected. Its amended claim seeks recovery of that sum of $6,000.00 and seeks also allowance of attorneys fees and expenses totalling $4,471.70. The trustee has not challenged that portion of each proof of claim which represents payment to utility companies under the utility bond, but opposes entitlement of each unsecured claimant to the recovery of attorneys fees.

The thrust of the trustee's challenges to entitlement of each unsecured claimant to attorneys fees is that the principle of equitable distribution of the debtor's estate among creditors should bar enforcement of any contractual provision which would permit one unsecured creditor, and not others, to charge the estate with legal expenses associated with processing a claim before the Bankruptcy Court. However, that concept was considered and rejected by the United States Court of Appeals for the Second Circuit in *United Merchants and Manufacturers, Inc. v. The Equitable Life Assurance Society of the United States,* et al., 2nd Cir.1982, 674 F.2d 134, 137. As that court noted at page 137:

"We cannot agree that the policy of equitable distribution renders an unsecured creditor's otherwise valid contractual claim for collection costs unenforceable in bankruptcy. When equally sophisticated parties negotiate a loan agreement that provides for recovery of collection costs upon default, courts should presume, absent a clear showing to the contrary, that the creditor gave value, in the form of a contract term favorable to the debtor or otherwise, in exchange for the collection costs provision. Such a creditor should recover more in the division of the debtor's estate because it gave more to the debtor at the time it made the loan. Rather than providing an undeserved bonus for one creditor at the expense of

others, allowing a claim under a collection cost provision merely effectuates the bargained-for terms of the loan contract. Moreover, the case law does not support a distinction between secured and unsecured creditors who seek to recover collection costs in bankruptcy."

This circuit has at least indirectly reached the same result. In *LeLaurin v. Frost National Bank of San Antonio,* 5th Cir.1968, 391 F.2d 687 the court had allowed as a secured claim the debt of $333,056.38 plus $25,000.00 attorneys fees, totalling $358,056.38. After the value of the real estate which secured the loan was applied a balance of $133,056.38 remained. That deficiency, including the $25,000.00 attorneys fee award, was allowed as an unsecured claim.

Additionally, the clause providing for attorneys fees upon default is valid under Texas law and should be enforceable under Federal Bankruptcy law.

I conclude, therefore, that Cotton Belt Insurance Company and American Druggists' Insurance Company is each entitled to have its claim for reasonable contractual attorneys fees allowed as an unsecured claim.

Having passed the threshold issue, the amount of attorneys fees which should be allowed must be determined within the guidelines of *Johnson v. Georgia Highway Express, Inc.,* 5th Cir.1974, 488 F.2d 714, 717–719. In compliance with those guidelines the claimant is required to file a comprehensive and chronological statement, reflecting the total hours spent in performing services in this regard for each respective insurance company and showing how each of those hours was spent. The "lodestar" for determining the amount of attorneys' fees is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. That lodestar is then adjusted by the remaining *Johnson* factors. *Copper Liquor, Inc. v. Adolph Coors Company,* 5th Cir.1982, 684 F.2d 1087 (1982). Therefore the adoption of an approach based on com-

putation of documented time spent performing legal services and the customary billing rate, without more, does not satisfy the court's responsibility. *Miller v. Mackey International, Inc.,* 5th Cir.1975, 515 F.2d 241. As the court noted in *McGowan v. King, Inc.,* 5th Cir.1981, 661 F.2d 48, at p. 50:

> "Time alone is not the measure for a counsel's fees. If counsel is, like the taxi driver who takes a circuitous route, imbued with hope of being rewarded with a fee measured only by the meter reading at the end of the journey, the statutory grant of attorneys fees would become a bounty for crafty lawyers.... Time must, however, be recognized else opposing counsel might make every case unrewarding by requiring maximum exertion and thus effectively present effectuation of one of the purposes of statutes authorizing the award of attorneys fees: to enable the litigant to gain the services of counsel."

Each claimant has filed a chronological statement which recites the hours worked by the attorneys on behalf of each claimant and arguably shows how each of those hours was spent. The chronological statement reflects that 95.5 hours was spent in performing legal services on behalf of Cotton Belt Insurance Company for which compensation totalling $6,810.00 is sought, plus $891.47 in expenses. The statement shows that the attorneys performed services on behalf of American Druggists' Insurance Company based on 48.25 hours for which they seek compensation of $3,596.25 plus expenses of $261.12.

Review of those statements reflect that, aside from the lodestar factors, the remaining Johnson factors have no impact. There is nothing reflected by those statements which reflect that novel or difficult questions were presented to the attorneys. From all accounts they possessed the expertise and the ability to perform the legal representation and they did, in fact, adequately perform those services. The attorneys had represented each of the claimants for more than two years and there were no undesirable features of either case. The attorneys were not precluded from other employment.

Thus the amount of time spent in performing the legal services and the billing rate are the principal factors to be considered in setting the fee. One might question the number of hours spent by the attorneys on each case, where the liability was fixed under the bond. However, in performing services for American Druggists' Insurance Company the attorneys were able to compromise claims totalling $13,295.44 for the sum of $6,000.00 and obtained judgment against a third party for that amount of money. No recovery was made against the third party and thus the settlement amount of $6,000.00 is sought in this bankruptcy proceeding.

Claims totalling $51,237.24 were presented by utility companies against Cotton Belt Insurance Company which the attorneys compromised and settled for the total sum of $17,180.93. Recovery in the sum of $11,112.60 was made against third parties, reducing the claim to $6,068.33.

Therefore, the attorneys did render benefit to the estate. However, some of the services appear to be duplicated on the several statements which they have filed.

Under the circumstances of this case I find that the amount of attorneys fees on the claim of American Druggists' Insurance Company which should be allowed is the sum of $2,600.00 and the amount of attorneys fees on the claim of Cotton Belt Insurance Company which should be allowed is the sum of $5,100.00.

I find further that the expenses totalling $891.47 on the Cotton Belt claim and $261.12 on the American Druggists' claim were each reasonably and necessarily incurred and should be recovered in full.

It is, therefore, ORDERED by the Court that the claim of Cotton Belt Insurance Company be, and it is hereby, allowed as an unsecured claim in the sum of $12,059.80, being $6,068.33 for the amounts necessarily paid by the claimant as surety on the surety bonds, $5,100.00 attorneys fees and $891.47 attorneys expenses.

It is further ORDERED by the Court that the claim of American Druggists' Insurance Company be, and it is hereby, allowed as an unsecured claim in the sum of $8,861.12, being $6,000.00 for the amounts necessarily paid by the claimant as surety on the surety bonds, $2,600.00 attorneys fees and $261.12 attorneys expenses.

All relief not herein granted is denied.

The Clerk is directed to file this order and to furnish a copy of the order to the attorneys of record.