**In re TRI–STATE HOMES, INC., Debtor.**

**TRI–STATE HOMES, INC., Plaintiff,**

**v.**

**Donald MEARS and Elna Mears, Defendants-Third-Party Plaintiffs,**

**and**

**Edward Alvey and Margaret Alvey, Third-Party Defendants.**

**Bankruptcy No. WF11–82–00488. Adv. No. 82–0149.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 30, 1985.

Robert E. Hackett, Milwaukee, Wis., for debtor/plaintiff.

John E. Danner, Minocqua, Wis., for defendants/third-party plaintiffs Mears.

Dennis M. Burgy, Eagle River, Wis., for third-party defendants Alveys.

## MEMORANDUM OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Defendants and third-party plaintiffs Donald and Elna Mears seek an order granting them costs in accordance with this court's June 12, 1985 order granting summary judgment in their favor. Costs were granted pursuant to Bankruptcy Rule 7054. Both plaintiff-debtor Tri-State Homes, Inc., and third-party defendants Edward and Margaret Alvey have objected to the motion for costs.

A hearing on the motion for costs was held on August 21, 1985. Tri-State was represented by Attorney Robert E. Hackett, the Mears by Attorney John E. Danner and the Alveys by Attorney Dennis M. Burgy. The parties have filed briefs on the issues before the court.

The Mears seek both attorney's fees of $50,543 and miscellaneous costs of $9051.60. They argue that they are entitled to attorney's fees as costs not under 28 U.S.C. § 1920, which governs the statutory allowance of costs, but pursuant to their contract with Tri-State. As a basis for this claim the Mears correctly point out that under the "American Rule" attorney's fees are not ordinarily recoverable unless a statute or enforceable contract provides for recovery. *Summit Valley Industries v. Carpenters,* 456 U.S. 717, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982). The contract relied on by the Mears is a promissory note issued in accordance with a stock redemption agreement under which the Mears sold stock in Tri-State back to the corporation. Tri-State in this action unsuccessfully sought a declaration that the stock redemption agreement was invalid under Wis.Stat. § 180.385 and under corporate by-laws.

In the alternative to seeking attorney's fees as costs, the Mears argue that they are entitled to file an amended unsecured claim against Tri-State not only for the amount originally asserted as due under the note but also for their attorney's fees. On April 20, 1983, the Mears filed proof of claim forms alleging that Tri-State owed them each $65,911.62 as an unsecured debt under the stock redemption agreement and promissory note.

The bankruptcy code is silent as to whether an unsecured claimant is entitled to contractual attorney's fees, costs or charges. 11 U.S.C. § 506(b) allows a secured creditor to recover these items if they are provided for in the agreement under which the secured claim arose. The existence of sec. 506(b), and the lack of a parallel provision as to unsecured claimants, does not mean that the Mears' claim for attorney's fees pursuant to the agreement must fail. Several courts have held that contractual provisions for attorney's fees are valid in bankruptcy even though a creditor is unsecured. See *In re Martin,* 761 F.2d 1163, 1168 (6th Cir.1985); *In re United Merchants & Manufacturers, Inc.,* 674 F.2d 134, 137 (2nd Cir.1982). The court in *United Merchants* discussed the effect

of sec. 506(b) on an unsecured creditor's claim. It stated that neither the statute nor its legislative history sheds any light on the status of an unsecured creditor's contractual claims for attorney's fees. *Id.* at 138. The court found nothing in bankruptcy policy or case law which supported a distinction between secured and unsecured creditors who seek to recover collection costs in bankruptcy. *Id.*

 Based on *United Merchants, supra,* and *Martin, supra,* the court concludes that the Mears' status as unsecured creditors does not bar them from asserting their claim for attorney's fees under the promissory note. A determination of whether such a contractual provision for attorney's fees or collection costs is valid is governed by state law. *United Merchants, supra* at 137. Wisconsin recognizes and enforces contractual provisions for attorney's fees and collection costs. *Kremers Urban Co. v. American Employers Insurance Co.,* 119 Wis.2d 722, 351 N.W.2d 156, 167 (1984); *Kohlenberg v. American Plumbing Supply Co.,* 82 Wis.2d 384, 263 N.W.2d 496, 503 (1978).

██ The Tri-State promissory note to the Mears states:

The undersigned agrees that if, and as often as, this Promissory Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder the undersigned shall pay to the holder hereof his reasonable attorney's fees, together with all court costs and other expenses incurred or paid by such holder in connection therewith.

This language clearly encompasses the present situation. Tri-State initiated an action to have the stock redemption agreement declared null and void. The Mears retained an attorney to defend their rights under the accompanying promissory note. Under the provisions of the parties' promissory note, the Mears are entitled to not only their reasonable attorney's fees but also to their court costs and the expenses that they have incurred in connection with the lawsuit. This contractual provision is valid and enforceable under Wisconsin law. Therefore, the Mears' claim under this contractual provision is enforceable as part of their unsecured claim against Tri-State.

The Mears have not alternatively requested the $9051.60, which they seek as costs, as part of an amended unsecured claim. However, there is no reason to treat those cost items differently than attorney's fees. Those cost items clearly come within the term "court costs and expenses" contained in the promissory note. If an obligation arose from the promissory note to pay reasonable attorney's fees one also arose to pay the $9051.60 as court costs and expenses. The attorney's fees and $9051.60 in costs shall be treated alike.

██ The court must determine whether the reasonable attorney's fees and expense items should be awarded as court-ordered costs or as contractual obligations. The court in *Martin, supra,* stated that a contractual right to attorney's fees is part of the debt to the creditor and is not dependent on an award of costs. This court agrees. Whether or not costs pursuant to Bankruptcy Rule 7054 were awarded in this case, reasonable attorney's fees and litigation expenses incurred by the Mears became part of the Tri-State contractual debt to them. Logically, then, the reasonable attorney's fees and $9051.60 in litigation expenses should be treated as part of the Tri-State debt.

Since the $9051.60 will be treated as part of the Tri-State debt to the Mears, the objections made by Tri-State and the Alveys to the items of cost composing this $9051.60 are no longer relevant. Whether these cost items would be properly allowable as costs under 28 U.S.C. § 1920 does not affect whether the costs qualify as court costs and expenses under the promissory note. The court concludes that pursuant to the promissory note Tri-State owes the Mears $9051.60. The term "expenses" is broad enough to encompass this entire amount. Further, there is no equitable reason, such as the expenses being friv-

olous or unnecessary, for the court to limit the Mears' recovery of this amount.

Under the terms of the parties' promissory note the Mears are entitled to the $9051.60 and reasonable attorney's fees. There is a split in authority as to whether state or federal law governs the issue of the reasonableness of attorney's fees. In *In re Virginia Foundry Co., Inc.*, 9 B.R. 493, 495 (W.D.Va.1981), the court stated that contractual attorney's fees are as much a part of the debt under state laws as the principal and interest. Therefore, it was of the opinion that allowance of attorney's fees should be determined based on state law. *Id.* In another case the court concluded that the amount of contractual attorney's fees due an unsecured claimant must be determined within the guidelines established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *In re Missionary Baptist Foundation of America*, 24 B.R. 970, 971 (Bankr.N.D.Tex.1982).

It is not necessary to choose between these two lines of cases. The court has examined the breakdown of the asserted attorney's fees. The attorney's fees sought are reasonable under both the federal guidelines referred to in *Missionary Baptist, supra,* and the Wisconsin guidelines. In essence little difference exists between the federal and Wisconsin standards concerning reasonable attorney's fees.

■ Since the court has concluded that the attorney's fees and litigation expenses should be treated as part of the Tri-State debt to the Mears it must determine whether leave to amend the proofs of claim should be granted. A bankruptcy court is to apply principles of equity in considering whether to allow amendment to a claim. *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985). Amendment of a claim is to be freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. *Id.*

■ The Mears originally filed timely claims based on the promissory note and stock redemption agreement for $65,911.62 each. They did not specifically assert a right to attorney's fees and litigation expenses in those claims. Nevertheless, they attached copies of the promissory note containing the language creating an obligation for those items. Further, in their answer in this adversary proceeding they demanded costs and attorney's fees. Under these circumstances, equity dictates that the Mears be granted leave to file amended unsecured claims for $50,543 as reasonable attorney's fees and $9051.60 as litigation expenses under the contract. The debtor and any interested party were placed on adequate, timely notice of the Mears' claim for these amounts. The facts providing the basis for such claim were set forth in the original claim. The promissory note is relatively short and uncomplicated. Debtor freely entered into the contract and must have known the potential cost of its adversary proceeding. It would be inequitable to allow the debtor to avoid this obligation.

The Mears' amended unsecured claims in the amount of $29,797.30 each shall be allowed upon filing. The debtor is to accordingly issue stock for those claims in a manner consistent with its approved plan of reorganization.

The Mears finally request a court order transferring further proceedings in this matter to the Circuit Court of Iron County. The court declines to enter such an order. They also have submitted a proposed judgment decreeing the stock redemption agreement between the parties to be valid, lawful and enforceable. Such a judgment will not be entered. The issue raised in this adversary proceeding was whether the stock redemption agreement was valid under Wis.Stat. § 180.385 and the Tri-State corporate by-laws. The court's June 12, 1985 order granting the Mears' summary judgment motion reflects this fact. A judgment inferring any broader decision will not be entered.

28

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

IT IS ORDERED THAT defendants and third-party plaintiffs Mears are owed $29,-797.30 each by plaintiff-debtor Tri-State Homes, Inc., as reasonable attorney's fees and litigation expenses under the terms of the promissory note between those parties.

IT IS FURTHER ORDERED THAT the Mears shall be allowed to file amended unsecured claims against Tri-State's estate in the amount of $29,797.30 each.

IT IS FURTHER ORDERED THAT the Mears' amended unsecured claims in the amount of $29,797.30 shall be allowed upon filing.

IT IS FINALLY ORDERED THAT Tri-State shall, consistent with its approved plan of reorganization, issue stock to the Mears for their amended unsecured claims.