829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RONALD J. AND DANA COHEN FAMILY LIMITED PARTNERSHIP,
Plaintiff-Appellant,
v.
CITY OF CAPITALS, INC., Defendant-Appellee.
CITY OF CAPITALS, INC., Plaintiff-Appellant,
v.
RONALD J. AND DANA COHEN FAMILY LIMITED PARTNERSHIP,
Defendant-Appellant.
 Nos. 87-1001, 87-1002
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided August 28, 1987.
 
 Emil Hirsch (John Matteo; Taubman & Haase, P.C., on brief), for appellants.
 Philip James McNutt (Goldstein, Blitz & Rosenberg, P.A.; Henri C. deLozier, Jr., on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Complaining of the denial of the right to recover compound interest on a promisory note made by City of Capitals, Inc. (Capitals), Ronald J. and Dana Cohen Family Limited Partnership (Partnership) bring this appeal. Capitals filed a cross-appeal complaining of the district court's allowance of interest and late charges, and the assessment of additional interest and late charges as liquidated damages.
 
 
 2
 Partnership has moved this court to permit it to file a supplemental appendix so as to add documents from state court proceedings which were not a part of the record in the district court. Capitals opposes the motion. No good cause is shown for a failure to make such documents a part of the record of the lower court or why they should now be made a part of the record here. The motion is denied and we affirm the district court for the reasons stated in its written opinion.
 
 
 3
 Capitals is a real estate development company engaged in the development and sale of property in Maryland. It obtained a loan for some $675,000.00 from a Maryland bank which it secured by a deed of trust on its property. Capitals defaulted in its payments to the bank, and filed a petition in the bankruptcy court seeking relief pursuant to Chapter 11 of the Bankruptcy Act. The automatic stay was lifted by the bankruptcy court, at the request of the bank, and it commenced foreclosure proceedings. At the request of Capitals, Partnership purchased and took assignment of the note and deed of trust, and paid the bank $1,085,107.88 based on the bank's calculation of the amount due as of the assignment date of May 18, 1984. Subsequent thereto on July 24, 1984, Partnership filed a proof of claim in the bankruptcy proceeding for $1,085, 107.88, plus costs, expenses and additional interest accrued since May 18, 1984. Capitals thereafter negotiated with a lending institution for a loan in a sufficient sum to pay off its creditors including the note held by Partnership. The bankruptcy court established September 5, 1984 as the bar date for filing claims. Capitals thereafter filed for approval of its proposed financing plan. Partnership objected to the plan, even though it was to be paid the full amount of its debt in cash, asserting it had a right to purchase an interest in the property. The bankruptcy court determined otherwise and approved the plan and the refinancing. Thereafter, Capitals tendered a check to Partnership for the unpaid balance of the note including its estimate of the interest which had accrued between May 18th and December 31st, 1984. Partnership refused to accept the check. On January 18, 1985, after the bar date, and over the objection of Capitals, Partnership was permitted to file an amended proof of claim for additional interest, late charges and interest on the late charges. The bankruptcy court approved the late filing of the amended claim, and allowed the additional interest and late charges as liquidated damages and not as penalties, and allowed compound interest. Confronted with the necessity to obtain the release of the note and deed of trust in order to complete its refinancing, Capitals paid the sum claimed and filed for refund of $236,677.15. Upon appeal, the district court affirmed the allowance of the additional interest and late charge, but reversed the bankruptcy court's allowance of compound interest for the reason that the language of the note did not call for the payment of compound interest, and absent an express authorization or agreement, compound interest may not be charged. Compound interest is 'interest on interest.' Cherokee Nation v. United States, 270 U.S. 476, 490, 46 S.Ct. 428, 433 (1926). See also Madison Personal Loan Co. v. Parker, 124 F.2d 143 (2nd Cir. 1941); B. F. Saul Co. v. Westend Park North, Inc., 246 A.2d 591 (1968); 45 Am. Jur.2d Interest and Usury Sec. 76 (1969); 47 C.J.S. Interest and Usury Sec. 3 (1982); 10 ALR3d 421, 422, 424. '[T]he general rule, even as between private persons, is that, in the absence of a contract therefor or some statute, compound interest is not allowed to be computed upon a debt.' Cherokee Nation v. United States, 270 U.S. at 490, 46 S.Ct. at 433. See also Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1276 (1945); Stovall v. Illinois Central Gulf Railroad Co., 722 F.2d 190, 192 (5th Cir. 1984); Devex Corporation v. General Motors Corporation, 749 F.2d 1020, 1025 (3d Cir. 1984); Fox v. Kane-Miller Corporation, 398 F.Supp. 609, 652-53 (D.C. Md. 1975); Banks v. McClellan, 24 Md. 62, 82 (1866); Mobray v. Leckie, 42 Md. 474 (1875), 45 Am. Jur. Interest and Usury Sec. 76 (1969).
 
 
 4
 The pertinent language of the note under consideration provided:
 
 
 5
 In the event Promisor shall fail to make any one or more payments on account of interest or of principal, when the same shall become due and payable, as is herein or in the Deed of Trust securing this Note provided, Promisor shall pay to the Holder of this Note interest on any overdue payment of principal and interest on any overdue payment of interest charges and premiums at the rate of one percent (1%) per annum above the rate otherwise payable under the terms of this Note, from the date the same shall become due and payable until the date paid.
 
 
 6
 In construing this language of the note, the district court held that the language does not provide for adding overdue interest to the principal of the debt or for creating an accumulating account of overdue interest, and then applying the penalty interest to such lump sum. We agree. The amount due must be recalculated in accordance with the opinion of the district court.
 
 
 7
 In its cross appeal Capitals asserts it was error to permit Partnership to file an amended proof of claim in order to set forth the correct amount due for interest, late charges, and interest on late charges; that it had waived its right to recalculate the amount due on the note, and was estopped from so doing. In considering this issue, it must be judged 'with regard for the overriding responsibility with which bankruptcy courts are charged,' Matter of Seats, 537 F.2d 1176, 1178 (4th Cir. 1976), as the Supreme Court has made it clear '[t]here is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.' Bank of Marin v. England, 385 U.S. 99, 103, 87 S.Ct. 274, 277 (1966), and 'technical considerations will not prevent substantial justice from being done.' Pepper v. Litton, 308 U.S. 295, 305, 60 S.Ct. 238, 244 (1939). 'In this day of liberality in allowing amendment of pleadings to achieve the ends of justice,' Gillespie v. United States Steel Corporation, 379 U.S. 148, 158, 85 S.Ct. 308, 314 (1964), leave to amend should be freely given. Rule 15(a) Fed. R. Civ. P. (made applicable to adversary proceedings in bankruptcy by Bankruptcy Rule 7015). The disposition of a motion to amend is within the sound discretion of the trial court; and 'there must be some abuse of discretion to warrant reversal on this issue.' Gladhill v. General Motors Corporation, 743 F.2d 1049, 1052 (4th Cir. 1984). See Zenith Radio Corporation v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). Absent undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party, the amendment should be freely allowed. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). See also Leaseamerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir. 1983). 'Substantial right and justice, rather than technical form, control.' ITT-Industrial Credit Co. v. Hughes, 594 F.2d 384, 386 (4th Cir. 1979).
 
 
 8
 Thus, in a bankruptcy case, 'amendment to a claim is freely allowed where the purpose is to cure a defect in a claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.' In Re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985). See also In Re South Atlantic Financial Corp., 767 F.2d 814, 819 (11th Cir. 1985); In Re Sambo's Restaurants, Inc., 754 F.2d 811, 816-817 (9th Cir. 1985); Leaseamerica Corp. v. Eckel, supra, 710 F.2d at 1473; Matter of Commonwealth Corporation, 617 F.2d 415 (5th Cir. 1980); In Re Franciscan Vineyards, Inc., 597 F.2d 181 (9th Cir. 1979); In Re Tri-State Homes, Inc., 56 BR 24 (Bankr.W.D. Wis. 1985).
 
 
 9
 Capitals further contends Partnership was estopped from recalculating the interest and late charges set forth in the amended proof of claim, because it had waived the right to do so. Estoppel is an equitable doctrine invoked to avoid injustice in particular cases and the party claiming estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse, and his reliance must have been reasonable, in that he did not know nor should he have known that his adversary's conduct was misleading. Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59, 104 S.Ct. 2218, 2223 (1984). An effective waiver must 'be one of a 'known right or privilege." Curtis Publishing Co. v. Butts, 388 U.S. 130, 143, 87 S.Ct. 1975, 1985 (1967). See also Gould v. Transamerican Associates, 224 Md. 285, 295, 167 A.2d 905 (1961).
 
 
 10
 From the evidence before it, the bankruptcy court determined the amended proof of claim should be filed, that there was no waiver or estoppel of the right to do so, and that the interest, late charges and interest on late charges could be recalculated and collected. The district court found no abuse of discretion in permitting the amended proof of claim to be filed, and the ruling on the issue of waiver, estoppel and recalculation of interest, late charges and interest on late charges was not clearly erroneous and therefore, affirmed.
 
 
 11
 Though not presented to or decided by the district court, Partnership argues that even if the district court was correct in its holding that the note did not provide for the assessment of compound interest, this court should nevertheless reverse and permit the assessment and collection of the compounded interest on the ground that Capitals voluntarily paid the compound interest, under no duress and with full knowledge of all the facts. The simple answer to such contention is the fact that the record fails to show that payment of the compound interest was voluntarily or willingly made. Rather, it clearly shows the payment was made under duress, over protest and out of a necessity to prevent itself from additional substantive harm. The contention is without merit.
 
 
 12
 The decision of the district court is affirmed and the case remanded to that court for further proceedings in accordance with its opinion.
 
 
 13
 AFFIRMED AND REMANDED.