**In re CONTINENTAL AIRLINES CORP., Continental Air Lines, Inc. Texas International Airlines, Inc. and TXIA Holdings Corp., Debtors.**

**Bankruptcy Nos. 83–04019–H2–5 to 83–04022–H2–5.**

United States Bankruptcy Court, S.D. of Texas, Houston Division.

Aug. 31, 1989.

See also, Bkrtcy., 64 B.R. 882.

Jack Reynolds, Houston, Tex., for plaintiff.

Lenard M. Parkins, Sheinfeld, Maley & Kay, Houston, Tex., for defendant, debtor.

RANDOLPH F. WHELESS, Jr., Chief Judge.

Plaintiff, George C. Thompson ("Thompson"), seeks allowance of attorney's fees on an unsecured claim for settling expenses from the Defendant and Debtor, Continental Airlines ("Continental" or "Debtor"). In response, Continental asserts that attorney fees are not allowed because: (1) Continental's Confirmation Plan does not provide claimants such as Thompson attorney's fees; and (2) the Bankruptcy Code does not award an unsecured creditor post petition attorney fees.

### I. Facts

The facts of this matter are relatively simple. George Thompson was employed as a pilot for Continental Airlines. On May 1, 1983, Continental transferred Thompson to Guam and as a result, Thompson incurred settling expenses in the amount of $7,170.00. Thompson submitted a claim to Continental for the settling expenses he incurred and Continental disputed the amount that Thompson was entitled to. Consequently, Thompson filed his claim suit against Continental asserting that under Section 6 of the August 18, 1982 Airlines Pilots Association ("ALPA") collective bargaining agreement he was entitled to incur settling expenses beyond the fourteen (14) day limit set forth in this section. In response, Continental opposed Thompson's claim on the grounds that he did not receive permission from his supervisor to incur extraordinary settling expenses, that he has not provided Continental with any receipts to substantiate his claim and that he did not, in fact, incur any such settling expenses.

At the hearing, which was held on December 12, 1988, this Court determined that Thompson was entitled to 51 days of settling expenses at $40.00 per day plus interest and his daughter was entitled to $15.00 per day settling expenses for a total award of $2250.00 plus interest.

During that hearing, Thompson contended that he was entitled to attorney fees in addition to settling expenses. Continental objected to the allowance of attorney's fees

on this disputed secured claim (which was allowed in full). This Court requested that the parties submit trial briefs on the issue of whether post petition attorney's fees for an unsecured creditor's claim should be allowed. Continental submitted such a brief, however, Thompson did not do so because there was such a small amount of attorney's fees involved.

Before addressing this issue, it is important to first point out that this Court finds that at all material times Continental was a solvent debtor. Second, Thompson is classified as an unsecured creditor of Continental's estate. Third, Thompson's claim for attorney's fees is based upon a contested claim which was resolved by this court at a hearing. Finally, this Court observes that the authorities surrounding the allowance of attorney's fees on unsecured claims is somewhat scant. Therefore, this Court has examined a variety of authoritative sources in order to shed some light on the resolution to this issue.

In summary, the pivotal issue is whether the Bankruptcy Court may award reasonable attorney's fees for the successful prosecution of a disputed unsecured claim where the debtor was and is solvent at all material times and wherein the creditor would be allowed attorney's fees under applicable state law, but for the filing of the bankruptcy.

## II. Discussion

### A. The Confirmation Plan

One basis for Continental's opposition to Thompson's claim for attorney's fees is that the Plan does not provide for them. Article 50 of Continental's Confirmation Plan ("Plan") sets forth the procedures for resolving contested claims.

Under the Plan, a claim is defined as "any right to payment from any of the Debtors, Holding or Finance N.V., whether or not such right is reduced to judgment, liquidated, unliquidated, ... secured or unsecured ...". Continental's Confirmation Plan, p. 6. Further, an allowed claim is defined as "any claim against or equity interest in any of the Debtors, Holding or Finance N.V., proof of which was filed on or before date designated by the Bankruptcy Court as the last date for filing proofs of claim or equity interests." Plan, p. 1. Under the Plan, an allowed claim excludes interest after the date of the estate filing Bankruptcy unless specified otherwise in the Plan. Postpetition interest is, however, allowed on some specified class claims. *See* Plan.

None of the above provisions of the Plan refer to attorney's fees for the prosecution of contested claims. Consequently, this Court finds that neither Article 50 nor any of the other Plan provisions act as a prohibition to the allowance of attorney's fees on contested claims such as the one at issue.

### B. Pre–Bankruptcy Code Law

Prior to the enactment of the Bankruptcy Reform Act in 1978, the Supreme Court of the United States stated in *Security Mortgage Company v. Powers*, 278 U.S. 149, 153–154, 49 S.Ct. 84, 86, 73 L.Ed. 236 (1928), that creditors were entitled to recover attorney's fees in bankruptcy claims if there was a contractual right to them valid under state law. Specifically, the Supreme Court stated that "the character of the obligation to pay attorney's fees presents no obstacle to enforcing it in bankruptcy, either as a provable claim or by way of a lien upon specific property." *Security Mortgage*, 278 U.S. at 154, 49 S.Ct. at 85–86. The court held that the attorney's fees were recoverable, not as costs as an incident of the suit, but as part of the principle debt. However, that case involved a fully secured creditor and was based upon the Bankruptcy Act; not the 1978 Code.

In a pre-code case decided after the enactment of the Code, the Second Circuit in *In re United Merchants & Manufacturers*, 674 F.2d 134, 138 (2nd Cir.1982), construed the reference above to "provable claim" in relation to attorney's fees as including secured and unsecured claims. In that case, an unsecured creditor was allowed partial recovery of attorney's fees from the bankrupt estate pursuant to the loan agreement. In discussing the Bankruptcy policy of equitable distribution, the

Court stated that it could not agree that this policy renders an unsecured creditor's otherwise valid contractual claim for collection costs unenforceable in bankruptcy. The Court reasoned that allowing a claim under a collection cost provision merely effectuates the bargained-for terms of a loan agreement rather than providing an undeserved bonus for one creditor at the expense of others. Further, the *United Merchants* Court noted that bankruptcy case law does not support a distinction between a secured and unsecured creditor who seeks to recover collection costs. *See United Merchants*, 674 F.2d at 137.

In addition, the Second Circuit in *United Merchants* stated that neither the Bankruptcy Code nor its legislative history "shed any light on the status of an unsecured creditor's contractual claims for attorney's fees." *United Merchants*, 674 F.2d at 137.

The Fifth Circuit may be said to have indirectly reached this same conclusion in the case of *LeLaurin v. Frost National Bank*, 391 F.2d 687 (5th Cir.), *cert. denied*, 393 U.S. 979, 89 S.Ct. 447, 21 L.Ed.2d 440 (1968), where an attorney sued his client, Frost National Bank of San Antonio, seeking attorney's fees earned from prosecuting the Bank's claim on a promissory note against a debtor. The attorney urged that his client was bound by the amount of attorney's fees determined by the bankruptcy court in connection with his client's proof of claim against the debtor. However, the Fifth Circuit held that the principle of res judicata did not apply in that instance.

The significance of that case, if any, to the issue now before this Court is the fact that the bankruptcy judge had awarded a $25,000.00 attorney's fee on the *unsecured portion* of the bank's claim. There is no criticism by the Fifth Circuit in its opinion of this action by the bankruptcy court. On the other hand, this was not an appeal of the bankruptcy court's determination.

Therefore, *LeLaurin* could be construed to be no precedent at all on the subject of the allowance of attorney's fees on unsecured claims in bankruptcy cases or it could be argued that it constitutes tacit approval of the bankruptcy court's allowance of attorney's fees on the unsecured or deficiency portion of the bankruptcy's claim.

All of the above decisions involved cases which were filed under the Bankruptcy Act and are, therefore, *pre-code* cases.

### C. The 1978 Code

As part of the Bankruptcy Reform Act of 1978, the United States Congress included section 506(b) which provides that attorney's fees, costs and charges are secured claims to the extent the value of the collateral exceeds the amount of the underlying claim. 11 U.S.C. § 506(b). This provision is clear with respect of oversecured claims. What then is the rule as to unsecured claims and/or the unsecured portion of a secured claim? Is this a question left open to determination by the courts or did Congress foreclose the allowance of attorney's fees on unsecured claims by expressly providing for attorney's fees only where the creditor is fully secured?

In the post-Bankruptcy Code case of *In re Missionary Baptist Foundation of America, Inc.*, 24 B.R. 970 (Bankr.N.D. Tex.1982), the Bankruptcy Court in the Northern District of Texas, Lubbock Division, held that unsecured creditors were entitled to attorney's fees as part of their unsecured claims. On the issue of whether to allow attorney's fees, that Court relied upon *United Merchants* and also concluded that the Fifth Circuit had indirectly reached the same result in *LeLaurin.*

In his opinion, Judge Brister effectively agreed with the Second Circuit's decision in *United Merchants.* However, he did not discuss 11 U.S.C. § 506(b).

In the Fourth Circuit case of *Unsecured Creditor's Committee v. Walter E. Heller & Company Southeast, Inc.*, 768 F.2d 580 (4th Cir.1985), an oversecured creditor sought attorney's fees under the terms of a security agreement. This case is not truly helpful on the involved issue. In that case, the Fourth Circuit conducted an exhaustive analysis of the legislative history

of 11 U.S.C. § 506(b) in an attempt to determine whether federal or state law governed the enforceability of attorney's fee agreements between oversecured creditors and bankrupt debtors. The issue was not whether attorney's fees were allowable under bankruptcy law, as the creditor was oversecured within the meaning of 11 U.S.C. § 506.

The issue was whether the failure to follow the *state* law steps for entitlement to such fees precluded allowance under 11 U.S.C. § 506. In allowing the attorney's fees in that case, the Fourth Circuit concluded that federal law applied because "in rejecting the House version of § 506(b), Congress intended to abrogate the pre-existing requirement that attorney's fee agreements were enforceable only in accordance with state law." *Heller,* 758 F.2d at 585.

In the case of *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc., In re Hudson Shipbuilders, Inc.,* 794 F.2d 1051, 1056 (5th Cir.1986), the junior and senior secured creditors moved for the determination of the amount of attorney's fees the senior creditor was entitled to in connection with a promissory note. The Fifth Circuit in *Hudson* followed the Fourth and Ninth Circuits and concluded that federal law should govern the enforcement of attorney's fees provisions in bankruptcy, notwithstanding contrary state law. *See In re 268 Limited,* 789 F.2d 674 (9th Cir.1986); *Heller,* 768 F.2d at 580. Specifically, the Fifth Circuit held that "in the case of attorney's fees sought in connection with a secured claim, Congress has clearly chosen to exercise its broad power to establish a uniform rule respecting the existence and extent of a right by enacting § 506(b)." *Hudson,* 794 F.2d at 1058.

The above cases are, therefore, determinative that federal and not state law is applicable to oversecured creditor's claims for attorney's fees. It should be kept in mind, however, that the federal law in 11 U.S.C. § 506(b) refers to attorney's fees provided for in the agreement. Therefore, I do not believe that it was intended by these holdings that attorney's fees would be awarded (under federal law) where the underlying state law or agreement does not provide for attorney's fees at all. These cases hold to the effect that the state law procedural steps to entitle one to attorney's fees are unnecessary in the bankruptcy context and that federal law preempts state law governing the reasonableness of the fee provision.

This Court has just ruled in another pending case that the 1978 Bankruptcy Code section 506(b) of Title 11 precludes the allowance of attorney's fees incurred by an undersecured creditor post filing (in the prosecution of its claim) because of the doctrine of *expressio unius est exclusio alterius.* In that case, the debtor was insolvent at all material times and creditors are not to be paid in full under the terms of the confirmed plan.

The question then becomes whether that doctrine and holding should prevail even in cases where the debtor was solvent. If so, the attorney's fees incurred here in the prosecution of Thompson's unsecured claim should likewise be disallowed.

In light of the scant direct authority in the Fifth Circuit on the issue now before this Court in this case, the Court will rely on an analogy to cases allowing interest on claims in certain situations.

*D. Interest on Unsecured Claims*

In further analysis of whether the Bankruptcy Code allows attorney's fees on claims by unsecured creditors, this court turns to what it finds is a somewhat analogous situation: the allowance of post petition interest on unsecured claims.

The Supreme Court in *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946), stated that the "touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor." There exist two relevant sections of the Bankruptcy Code to this discussion, sections 502 and 726. Specifically, portions of 11 U.S.C. § 502(b)(2) provide:

(b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the Court, after notice and a hearing, shall determine the amount of such claim *as of the date of the filing of the petition*, and shall allow such claim in such amount, except to the extent that ...

(2) such claim is for unmatured interest.

Further, 11 U.S.C. § 726 reads in part as follows:

(a) Except as provided in section 510 of the title, property of the estate shall be distributed—

(5) Fifth, in payment of interest at the legal rate from the date of the filing of petition, on any claim paid under paragraph (1), (2), (3) or (4) of this subsection; and ...

In construing sections 502(b)(2) and 726(a), courts have held that the accrual of interest on unsecured claims is suspended as of the date of filing bankruptcy where the debtor is insolvent. *Vanston*, 329 U.S. at 163, 67 S.Ct. at 240; *Debentureholders Protective Committee of Continental Investment Corporation v. Continental Investment Corporation*, 679 F.2d 264, 268 (1st Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982). Where the debtor is solvent and there is a surplus after all creditors are paid in full, the creditors should receive interest on their claims prior to any surplus being turned over to the Debtor. *Debentureholders*, 679 F.2d at 271; *In re Manville Forest Products Corporation*, 43 B.R. 293, 300 (Bankr.S.D. N.Y.1984).

Further, the Bankruptcy Court in *In re Oahu Cabinets, Ltd.*, 12 B.R. 160 (Bankr. D.Hawaii 1981), where a landlord brought suit against the debtor/tenant to collect interest and collection fees on past due lease rental payments, held that the solvent debtor exception is "further proof that the disallowance of claims for unmatured interest or claims accruing after the date of the filing of the petition is one of policy and convenience rather than a statement of substantive law." Therefore, the exception appears to be a balance of the equities between the creditor and the debtor. The debtor should not be entitled to any surplus of property of the estate until all the creditors allowed claims, including interest, are paid in full.

This Court recognizes that there is a difference in the bankruptcy code language regarding interest and that relative to attorney fees. There is no statutory provision for attorney fees that is comparable to 11 U.S.C. § 726(a)(5), which expressly provides for payment of interest prior to distribution to the debtor or equity holders.

■ Nevertheless, at least as an issue of policy, as in the case of interest, creditors should be entitled to the recovery of attorney fees in instances where the Debtor is solvent and they would be entitled to attorney fees under state law for litigation over the validity and amount of their claim but for the filing of the bankruptcy case.

This Court would make a distinction where services are rendered on behalf of a creditor in the monitoring of the case as opposed to services rendered in connection with the contest over the claim itself. Otherwise, in every solvent debtor case there would be a tendency for all claimants to have attorneys present at all hearings, since the cost would be passed on to the Debtor. That would be intolerable and would tend to defeat the purposes of the Code.

This Court finds no logical reason to prohibit the allowance of attorney's fees for professional services rendered in successfully establishing a disputed unsecured claim when the debtor is solvent. Therefore, this Court finds that Thompson is entitled to attorney's fees under the Bankruptcy Code. Finally, this Court must turn to Texas state law to determine its applicability to the present facts.

As it is not necessary to do so here, the Court does not reach the question of whether the provisions of 11 U.S.C. § 506(b), by inference, preclude the allowance of attorney fees on the unsecured portion of a secured claim or an unsecured claim where the debtor is insolvent.

### E. State Law

 Under Texas law, attorney's fees are allowed if the claim was based on an oral or written contract. Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986). Specifically, section 38.001 states:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... (8) an oral or written contract.

Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986).

In this case, Thompson was a Texas resident and claimed attorney's fees in connection with his recovery of settling expenses for his move to Guam. This Court awarded Thompson settling expenses pursuant to his employment contract with Continental. Therefore, Thompson's claims for attorney's·fees falls within the parameters set forth under section § 38.001 of the Texas Civil Practice & Remedies Code and should be allowed.

### III. Conclusion

In conclusion, the rule this Court would follow in light of the authorities is that: (1) secured creditors are entitled to attorney's fees if the value of the collateral exceeds the total amount of the principle, interest and attorney's fees, 11 U.S.C. § 506(b); and (2) unsecured creditors are entitled to attorney's fees in the successful prosecution of a disputed claim where state law provides and the debtor is solvent. However, in applying this rule, caution should be observed. Only those attorney's fees which are reasonable and necessary should be allowed. The Bankruptcy Court should scrutinize such claims carefully in order to prevent attorneys from making work where it is not actually necessary.

George C. Thompson is entitled to attorney's fees in this case because: 1) the debtor was solvent; 2) an attorney was necessary in order for Thompson to pursue his disputed claim; 3) Thompson pursued his claim successfully (at least in part); 4) there existed no prohibition to the award of attorney's fees in the Plan or Confirmation order; 5) Thompson would have been entitled, but for the Bankruptcy of Continental, to attorney's fees under state law; and 6) in this Court's opinion, the facts are analogous to the allowance of interest on unsecured claims.

Based upon the foregoing analysis, this Court holds that George C. Thompson is entitled to recover reasonable attorney's fees in the amount of $1125.00 from Continental in connection with his recovery of settling expenses incurred from his transfer to Guam.

An order consistent with this opinion was entered on this date. Costs are assessed against Continental.