IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-30316

In The Matter Of: BARNETT MARINE, INC.

                                                      Debtor

-------------------------------------------------------------------------------

BANKRUPTCY TRADING & INVESTMENTS L.L.C.

                                                      Appellant

v.

BARNETT MARINE, INC.

                                                      Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:06-CV-3766

Before KING, DeMOSS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    In this bankruptcy appeal, the purchaser of unsecured claims challenges the bankruptcy court's conclusion that the Chapter 11 reorganization plan previously confirmed by the bankruptcy court barred its claim for post-petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorneys' fees. Also challenged is the bankruptcy court's refusal to allow this same party to amend its pleadings to ask for sanctions. The district court was presented these same issues and affirmed. In reviewing the errors alleged in the appeal here, we find no basis to disturb that judgment. We affirm.

## I. Interpreting the Plan

In 2003, Barnett Marine, Inc. ("Barnett") filed for Chapter 11 bankruptcy protection. Thereafter, Bankruptcy Trading & Investments, L.L.C. ("BTI") acquired eighteen unsecured claims in Barnett and became one of Barnett's largest unsecured creditors. BTI and Barnett filed competing reorganization plans. Ultimately, the two parties reached a settlement agreement regarding the treatment of BTI's claims under the plan of reorganization. The settlement agreement facilitated confirmation of Barnett's proposed plan (the "Plan"). Under the agreement, BTI would vote its unsecured claims in favor of the Plan in exchange for Barnett's promise to allow a substantial contribution claim and to treat all of BTI's unsecured claims as "allowed" claims under the Plan.

BTI alleges that, after the Plan was confirmed, Barnett breached the settlement agreement by objecting to several of BTI's unsecured claims. BTI successfully litigated this matter before the bankruptcy court. However, the bankruptcy court refused to award attorneys' fees incurred by BTI in litigating the unsecured claims because the Plan provided that "'[c]laim' shall mean a duly listed or timely filed claim which is allowed in this proceeding, excluding interest, attorney's fees, late charges, and other similar charges." The bankruptcy court and the district court both found that this language barred the attorneys' fees award sought by BTI.

BTI argues that, although an unsecured creditor, it is entitled to collect attorneys' fees incurred while litigating the validity of its claims against Barnett – a solvent debtor – under In re Continental, 110 B.R. 276 (Bankr. S.D. Tex. 1989). As the district court noted, the In re Continental court was not faced with

a reorganization plan that excluded attorneys' fees from the definition of "claim." BTI responds that the language of the Plan excludes only pre-petition attorneys' fees and BTI is seeking post-petition attorneys' fees incurred as a result of Barnett's post-petition breach of the settlement agreement.

The bankruptcy court and the district court found that the Plan's language clearly excluded all claims for attorneys' fees, regardless of whether those fees were incurred pre- or post-petition. In the past, this Court has usually reviewed the interpretation of a confirmed plan de novo, employing traditional tools of contract interpretation. In re Advisory Comm. of Major Funding Corp., 109 F.3d 219, 222 (5th Cir. 1997). The Court has also noted that a bankruptcy court's interpretation of a reorganization plan that it has confirmed is "entitled to deference." In re O'Connor, 258 F.3d 392, 401 (5th Cir. 2001). For purposes of this appeal, we employ the more stringent de novo standard.

The bankruptcy and district courts' interpretation of the Plan is reasonable. The plain language of the Plan excludes attorneys' fees from the definition of "claim." Nothing in the remaining portions of the Plan would render this definition ambiguous. We are not persuaded by BTI that the modifiers "duly listed" and "timely filed" render the definition ambiguous. Rather than reading these phrases to create an implied dichotomy between pre- and post-petition attorneys' fees, the more natural reading of this language merely conforms the Plan's definition of "claim" with the Bankruptcy Code's definition of "claim." See 11 U.S.C. § 521(a) and Fed. R. Bankr. P. 1007 (relating to scheduling or "listing" of claims); Fed. R. Bankr. P. 3003(c) (relating to timely filing of claims). Even if BTI's claims for attorneys' fees would have been permitted under the Code and In re Continental, they are barred by the Plan.

## II. The Motion to Amend

The bankruptcy court's interpretation of the Plan did not leave Barnett free to act with impunity in regard to post-confirmation matters. The

bankruptcy rules provide for sanctions against parties who raise frivolous claims or defenses. Fed. R. Bankr. P. 9011(b)-(c). Sanctions may include reasonable attorneys' fees incurred as a result of a violation of Bankruptcy Rule 9011. Id. The imposition of sanctions is permissible only after a party has complied with certain procedural safeguards, particularly the separate motion and 21-day "safe harbor" requirements. See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) (compliance with procedural prerequisites of Federal Rule of Civil Procedure 11 is "mandatory" and failure to comply precludes award of attorneys' fees).

BTI never complied with Bankruptcy Rule 9011, but argues that the issue of whether Barnett had any nonfrivolous basis for objecting to its unsecured claims was tried by consent in motions filed and hearings held before the bankruptcy court. As such, BTI suggests that justice required the bankruptcy court to grant leave to amend its pleadings to conform them to the evidence. See Fed. R. Civ. P. 15(a)(2). The bankruptcy court rejected BTI's motion to amend because BTI failed to comply with Bankruptcy Rule 9011's procedural safeguards and BTI never urged a violation of the rule or requested an imposition of sanctions during proceedings before the court.

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993). Though the Federal Rules of Civil Procedure permit "liberal amendment," a court may deny a motion to amend where there is a "valid justification." Carroll v. Fort James Corp., 470 F.3d 1171, 1175 (5th Cir. 2006). Amendments under Rule 15 should not be permitted where parties would be surprised by the inclusion of new issues. 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY LANE, FEDERAL PRACTICE AND PROCEDURE § 1491 (2d ed. 1990). Permitting an amendment under Rule 15 to include a retroactive request for sanctions would surprise a party that is relying on the benefit of notice by separate motion

and a "safe harbor" period before being subjected to sanctions. See Fed. R. Bankr. P. 9011(c)(1)(A). This is a "valid justification" for denying BTI's motion to amend its pleadings. There was no abuse of discretion in this case.

The judgment of the district court is AFFIRMED.